UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLENE KOCH BLANCO; LILIA BLANCO,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>VOLVO CAR USA, LLC,<br><br>　　　　　　　　　　　Defendant. | Case No.: 23-CV-2044 TWR (DEB)<br><br>**ORDER TRANSFERRING ACTION FOR LACK OF PROPER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 84(a), 1391(b), AND 1406(a)**<br><br>(ECF Nos. 1, 4) |

　　　Presently before the Court is Plaintiffs Jolene Koch Blanco and Lilia Blanco's Notice of Non-Opposition to OSC to Transfer Case to the Northern District of California. (ECF No. 4, "OSC Resp.") The Court previously ordered Plaintiffs to show cause why the action should not be transferred to the U.S. District Court for the Northern District of California given that Plaintiffs failed to include any venue allegations in their Complaint (ECF No. 1, "Compl."), and the few factual allegations Plaintiffs did plead suggested that venue was not proper in this District. (ECF No. 3.) In their OSC Response, Plaintiffs indicate that they erroneously filed their Complaint in this District and, accordingly, do not oppose transfer to the U.S. District Court for the Northern District of California. (OSC

///

1

Resp. at 2.)  The Court therefore **TRANSFERS** this action to the United States District Court for the Northern District of California.

Improper venue may be raised by a court *sua sponte* where a responsive pleading has not yet been filed and the time for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  As relevant to this action,

> [a] civil action may be brought in—
>
> (1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]
>
> (2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]

28 U.S.C. § 1391(b).  For purposes of § 1391(b)(1), entities that can sue or be sued in their own names, such as corporations and limited liability companies, are "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]"  28 U.S.C. § 1391(c)(2).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The Ninth Circuit has "rarely found that transfer would not serve the interest of justice."  *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015).

Here, as Plaintiffs admit, (OSC Resp. at 2), transfer is appropriate.  Plaintiffs purchased the car at issue from a dealership in Marin, (Compl. ¶ 9), which is part of the United States District Court for the Northern District of California, (*see* 28 U.S.C. § 84(a)), and the relevant acts appear to have taken place in the Northern District.  Because Plaintiffs could have brought this action in the Northern District of California, the Court determines that, in the interests of justice, it is appropriate to transfer this action for lack of proper venue to the Northern District.  The Court therefore **ORDERS** the Clerk of the Court to

///

1 **TRANSFER** this civil action to the United States District Court for the Northern District
2 of California pursuant to 28 U.S.C. §§ 84(a), 1391(b), and 1406(a).

3      **IT IS SO ORDERED.**

4 Dated: December 4, 2023

_____
Honorable Todd W. Robinson
United States District Judge